### Edward J. Cavanaugh, Plaintiff in Error, v. Thomas J. Morris, Defendant in Error.

### Gen. No. 15,326.

1. JUSTICES OF THE PEACE—*power to enter judgments by confession.* Held, under the laws of Colorado, which are substantially identical with those of Illinois, that a justice of the peace has no power to enter judgment by confession upon a cognovit unless summons has been issued and served upon the defendant in person or that the defendant has personally appeared in the suit.

2. JUDGMENTS—*effect given to those of sister state.* The jurisdiction of the court in the other state must be affirmatively established before judgment will be entered in this state upon such foreign judgment.

Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed March 3, 1911.

EDWARD H. THOMPSON, for plaintiff in error.

BENNISON F. BARTEL and PHILIP S. BROWN, for defendant in error.

Mr. Justice Clark delivered the opinion of the court.

In this case the Municipal Court was asked to enter a judgment in favor of the plaintiff in error against the defendant in error, basing the same upon a judgment entered in a justice's court before De S. De-Lappe, a justice of the peace in the city and county of Denver, Colorado, on March 25, 1908. The transcript was certified to by the justice in proper form and, in our opinion, the certificate of the county clerk attached to the transcript, and in which are recited the fact that DeLappe was a justice of the peace, the date at which his term began and at which it would expire, and the authority of a justice of the peace to act, etc., was also in proper form. By reference to the transcript, however, it appears that the summons was not personally served upon the defendant. The return of the constable is in the following words: "I hereby certify that I served the within summons on E. E. McGintie, Attorney in fact under note of the defendant therein by serving a copy of the same."

The record shows that this suit was brought upon a promissory note, to which was added a power to confess judgment. The question therefore is, whether a justice of the peace in Colorado has the power to enter judgment where no personal service is had upon the defendant but merely upon some attorney who assumes to act for him in pursuance of the cognovit. We agree with the position of defendant in error, that "A justice of the peace is a court of limited jurisdiction, has and can exercise no powers except those conferred by statute, and whenever it assumes jurisdiction in a matter not conferred by statute, its acts are null and void." The statute of Colorado with respect to the jurisdiction of a justice of the peace is substantially the same as that of Illinois, except that he may entertain jurisdiction in cases involving $300 instead of $200 as in Illinois. In the very early case of Evans v. Pierce, 2 Scammon 468, the Supreme Court of Illinois held:

"A justice's jurisdiction is conferred by statute, and in its exercise he must proceed in strict conformity with the manner prescribed. Has that been done in this case? The statute directs that suit before a justice of the peace shall be commenced by a summons, the form of which is given, and that it shall be served upon the defendant by reading it to him; upon return of this process, executed by the proper officer, or upon the parties appearing *in person* before the justice, and agreeing to waive process, he may proceed to hear and decide the cause. In this case, however, the parties neither appeared and waived process, nor was there any process served. There was, therefore, neither cause nor parties legally before the justice to authorize his rendering judgment. The letter of Pierce did not warrant it, because the law having prescribed a different mode of acquiring jurisdiction of the person of the defendant, it must be strictly pursued, and cannot be varied at the will of the party or the justice."

The court further held that "Although the letter of authority to the justice purports to be that of Pierce, yet it may not be genuine, and there is no way of ascertaining that fact; its authenticity cannot be proved in his absence. To institute such an inquiry would be adjudicating upon the rights of the party in his absence, and without communicating to him the nature of the proceeding."

We hold that the same rule applies to a power of attorney as would apply to a letter purporting to have been sent by a defendant to a justice of the peace, authorizing a judgment to be entered against the writer. In other words, judgment may not be entered in a suit before a justice of the peace upon a power of attorney, unless summons is issued and served upon the defendant in person, or the defendant in person appears before the justice.

The suit of Weinz v. Dopler, 17 Ill. 110, was before a justice of the peace upon an award of arbitrators. In that case the court says: "The record of the pro-

ceeding before the justice wholly fails to show service of summons on Weinz, or appearance. The judgment was evidently rendered upon the award, without summons or appearance, upon the supposition that the submission authorized the rendition of judgment thereon. To authorize a justice of the peace to render judgment upon an award, the award must be made upon a reference by the parties to a suit pending before such justice."

And the court held that no jurisdiction could be obtained upon the defendant without service of summons upon him personally or his appearance personally in the suit.

It is elementary, of course, that full faith and credit must be given by one state to the judgments entered in the courts of another state, but it is equally elementary that the jurisdiction of the court of the other state must be affirmatively established before a judgment may be rendered in this state upon such foreign judgment.

*Judgment affirmed.*